**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000692
03-APR-2020
07:55 AM**

NO. CAAP-17-0000692

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
HAIDEE SUEYASU, Defendant-Appellant,
and
RYAN KAIPO SILVA, Defendant


APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(5PC161000443)


MEMORANDUM OPINION
(By: Ginoza, Chief Judge, Fujise and Hiraoka, JJ.)

Defendant-Appellant Haidee Sueyasu (**Sueyasu**) was charged with promoting a dangerous drug and unlawful use of drug paraphernalia. She appeals from orders entered by the Circuit Court of the Fifth Circuit[1] denying her motion to suppress evidence and dismissing the charges against her without prejudice.

For the reasons explained below, we affirm the denial of the motion to suppress and affirm the ruling that Sueyasu's constitutional right to a speedy trial was not violated, but vacate the circuit court's dismissal of the charges against Sueyasu without prejudice and remand for the circuit court to enter findings of fact and conclusions of law to support its decision to dismiss without prejudice. See State v. Fukuoka, 141 Hawai'i 48, 404 P.3d 314 (2017).

---

[1] The Honorable Kathleen N.A. Watanabe presided.

## I.    Procedural History

On October 30, 2015, at about 10:38 p.m., Kaua'i Police Department officer Dustin Broad was on patrol near Kōloa.  He stopped a Honda traveling north on Maluhia Road.  Sueyasu was the driver.  The registered owner of the Honda, Ryan Silva (**Silva**), was the passenger.  Officer Broad saw an ice pipe on the center console of the Honda.  He arrested Sueyasu and Silva.  The Honda was towed and a search warrant was obtained.  Upon execution of the search warrant other illegal items were found in the Honda. Sueyasu was released on bail on November 3, 2015.

On December 27, 2016, Sueyasu and Silva were charged by felony information with Promoting a Dangerous Drug in the Third Degree in violation of Hawaii Revised Statutes (**HRS**) § 712-1243(1),[2] and Unlawful Use of Drug Paraphernalia in violation of HRS § 329-43.5(a).[3]  Both were arraigned on January 10, 2017, and entered pleas of not guilty.  The circuit court set a jury trial for May 22, 2017.  By stipulation filed on May 4, 2017, the trial date was continued to October 23, 2017.

On May 4, 2017, Silva filed a motion to dismiss, claiming violations of his constitutional right to a speedy trial and Hawai'i Rules of Penal Procedure (**HRPP**) Rule 48.[4]  On May 28,

---

[2]    On October 30, 2015, HRS § 712-1243(1) (2014) provided:

> A person commits the offense of promoting a dangerous drug in the third degree if the person knowingly possesses any dangerous drug in any amount.

[3]    On October 30, 2015, HRS § 329-43.5(a) (2010) provided:

> It is unlawful for any person to use, or to possess with intent to use, drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body a controlled substance in violation of this chapter.  Any person who violates this section is guilty of a class C felony and upon conviction may be imprisoned pursuant to section 706-660 and, if appropriate as provided in section 706-641, fined pursuant to section 706-640.

[4]    HRPP Rule 48(b) provides, in relevant part:

> [T]he court shall, on motion of the defendant, dismiss the charge, with or without prejudice in its discretion, if trial is not commenced within 6 months: (1) from the date of
> (continued...)

2

2017, Sueyasu filed a motion to suppress evidence, contending that Officer Broad's traffic stop was unlawful. On May 29, 2017, Sueyasu filed her own motion to dismiss that incorporated by reference "all factual assertions, legal arguments, and legal authorities cited" in Silva's motion.

All three motions were heard on June 28, 2017. The circuit court orally denied the motion to suppress and orally denied the motions to dismiss based upon constitutional violations, but orally granted dismissals without prejudice based on the State's concession of an HRPP Rule 48 violation.

On August 8, 2017, the circuit court entered a written "Order Denying Defendant Silva's Motion to Dismiss for Violation of His Constitutional Rights to a Speedy Trial but Granted as to Rule 48 of the Hawaii Rules of Penal Procedure and Case Dismissed Without Prejudice." Despite the title referring to Silva, the body of the document referenced Sueyasu and stated:

> IT IS HEREBY ORDERED AND DECREED that Defendant Sueyasu's Motion to Dismiss for Violation of his [sic] Constitutional Rights to Speedy Trial filed on May 4, 2017 is hereby Denied in part and as to Rule 48 of the Hawaii Rules of Penal Procedure is hereby Granted in part and the case is dismissed without prejudice.

Silva's attorney objected to the form of the order, writing on page two of the order: "Requires FOF, COL." There was no space in the document allocated for Sueyasu's attorney to approve the form; no separate order denying Sueyasu's motion to dismiss was entered. On August 28, 2017, the circuit court entered "Findings of Fact and Conclusions of Law; Order Denying Defendant Sueyasu's Motion to Suppress Evidence." Sueyasu filed a notice of appeal on September 27, 2017.

On August 29, 2018, we temporarily remanded this case to the circuit court for entry of an appealable, final order on Sueyasu's motion to dismiss. On September 18, 2018, the circuit court entered the "Order Denying Defendant Sueyasu's Motion to Dismiss for Violation of Her Constitutional Rights to Speedy

---

[4]     (...continued)
arrest if bail is set or from the filing of the charge, whichever is sooner, on any offense based on the same conduct or arising from the same criminal episode for which the arrest or charge was made[.]

3

Trial and/or Rule 48 of the Hawaii Rules of Penal Procedure with Prejudice, and Order Dismissing Case Without Prejudice for Violation of Rule 48 of the Hawaii Rules of Penal Procedure."[5] The form of the circuit court's order was prepared by the State; Sueyasu's counsel waived approval as to form.

## II. **Discussion**

We review Sueyasu's contention that the charges against her should have been dismissed with prejudice first, because it is potentially dispositive of her entire appeal. She argues that she was deprived of her constitutional right to a speedy trial,[6] and that the State violated HRPP Rule 48. We review the constitutional issue first, because while a trial court has discretion to dismiss charges with or without prejudice for an HRPP Rule 48 violation, it is required to dismiss charges with prejudice if the defendant's constitutional right to a speedy trial was violated. State v. Lau, 78 Hawai'i 54, 62, 890 P.2d 291, 299 (1995).

### A. **Sueyasu's constitutional right to a speedy trial was not violated.**

---

[5] The State contends we lack jurisdiction over Sueyasu's appeal from the August 8, 2017 order because her notice of appeal was filed more than thirty days after entry of that order. As we stated in our order for temporary remand, the August 8, 2017 order on Silva's motion to dismiss does not appear to resolve Sueyasu's separate motion to dismiss. Sueyasu's notice of appeal was filed after the circuit court announced its denial of Sueyasu's motion, but before entry of the written order on September 18, 2018, on remand. Thus, Sueyasu's notice of appeal is deemed to have been timely filed on September 18, 2018. See Hawai'i Rules of Appellate Procedure Rule 4(b)(4).

The State also contends we lack jurisdiction over Sueyasu's appeal from the August 28, 2017 order denying her motion to suppress because she did not obtain the circuit court's express written permission to appeal, as required by HRS § 641-17. We disagree. "As a general rule, an appeal from a final judgment in a case brings up for review all preceding interlocutory orders in the case." State v. Adam, 97 Hawai'i 475, 482, 40 P.3d 877, 884 (2002) (citations omitted). The September 18, 2018 order dismissing the charges against Sueyasu without prejudice was a final, appealable order. Accordingly, Sueyasu's timely appeal from that order also brings up for review the order denying her motion to suppress.

[6] "The Sixth Amendment to the United States Constitution and article I, section 14 of the Hawai'i Constitution guarantee a defendant in a criminal case the right to a speedy trial in all prosecutions." State v. Visintin, 143 Hawai'i 143, 156, 426 P.3d 367, 380 (2018) (citation omitted).

A trial court's ruling that a defendant's constitutional right to a speedy trial was not violated, as a matter of law, is reviewed de novo. Lau, 78 Hawai'i at 58, 890 P.2d at 295.

> Whether the Government has violated an accused's right to a speedy trial is determined by applying the four-part test articulated in Barker v. Wingo, 407 U.S. 514 (1972), and adopted by this court in State v. Almeida, 54 Haw. 443, 509 P.2d 549 (1973), to the particular facts in each case.
>
> The four factors to be considered in determining whether dismissal is warranted are: (1) length of the delay; (2) reasons for the delay; (3) defendant's assertion of [their] right to speedy trial; and (4) prejudice to the defendant.
>
> Because the right to speedy trial, unlike other rights guaranteed by the United States and Hawai'i Constitutions, is unusually amorphous and serves to protect the separate, often conflicting interests of the accused and of the public in the speedy disposition of cases, the weight accorded each of these factors is to be determined on an ad hoc basis. None of these four factors is to be regarded as either a necessary or sufficient condition to the finding of a deprivation of the right to a speedy trial, but rather they are related factors and must be considered together with such circumstances as may be relevant.

Lau, 78 Hawai'i at 62, 890 P.2d at 299 (cleaned up and reformatted). We must review each of the circuit court's conclusions regarding the Barker factors de novo to determine whether Sueyasu's constitutional right to a speedy trial was violated. Id. at 58, 890 P.2d at 295.

1.   Length of delay.

> The length of the delay is to some extent a triggering mechanism to the other Barker factors. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance. The precise length of the delay that will be considered "presumptively prejudicial" depends upon the facts of each case.

Lau, 78 Hawai'i at 62, 890 P.2d at 299 (cleaned up). In this case, Sueyasu was arrested on October 30, 2015, released on bail on November 3, 2015, and formally charged on December 27, 2016. When she was arraigned on January 10, 2017, the circuit court set trial for May 22, 2017. Sueyasu's motion to dismiss was not filed until May 29, 2017 (after Sueyasu stipulated to continue the trial date). The circuit court concluded:

5

> The length of the delay (factor one) between the date of
> Defendant Sueyasu's arrest and the date Defendant Sueyasu
> filed the instant motion (approximately 18 months) weighs in
> Defendant Sueyasu's favor, but was not sufficient to dismiss
> the case with prejudice outright; and required analysis of
> the remaining three factors.

We agree that the delay between the date of Sueyasu's arrest and the original trial date requires that the remaining Barker factors be analyzed and weighed. Lau, 78 Hawai'i at 62, 890 P.2d at 299.

2.   Reasons for the delay.

The circuit court concluded:

> The reason for delay (factor two) weighs in favor of
> Defendant Sueyasu, the State having failed to establish a
> reason.

The State's answering brief does not take issue with this conclusion, and offers no explanation for the amount of time it took to formally charge Sueyasu. But Sueyasu did not establish "a deliberate attempt to delay the trial in order to hamper the defense[, which] should be weighted heavily against the government." Lau, 78 Hawai'i at 63, 890 P.2d at 300 (cleaned up) (quoting Barker, 407 U.S. at 531). "[A] more neutral reason such as negligence or overcrowded courts should be weighted less heavily." Id. (cleaned up). This factor weighs slightly in favor of Sueyasu.

3.   Assertion of defendant's right to speedy trial.

The circuit court found that Sueyasu requested a speedy trial when she was arraigned on January 10, 2017, and weighed that factor in favor of Sueyasu. We note that the circuit court set trial for May 22, 2017, and Sueyasu's motion to dismiss was not filed until May 29, 2017, after Sueyasu stipulated to continue the trial date. Cf. State v. Visintin, 143 Hawai'i 143, 161, 426 P.3d 367, 385 (2018) (noting that defendant filed motion to dismiss on speedy trial grounds within two weeks of his arraignment). This factor weighs only slightly in favor of Sueyasu.

4.      Prejudice to defendant.

> Prejudice . . . should be assessed in the light of the
> interests of defendants which the speedy trial right was
> designed to protect.  This Court has identified three such
> interests: (i) to prevent oppressive pretrial incarceration;
> (ii) to minimize anxiety and concern of the accused; and
> (iii) to limit the possibility that the defense will be
> impaired.  Of these, the most serious is the last, because
> the inability of a defendant adequately to prepare [their]
> case skews the fairness of the entire system.  If witnesses
> die or disappear during a delay, the prejudice is obvious.
> There is also prejudice if defense witnesses are unable to
> recall accurately events of the distant past.

Lau, 78 Hawai'i at 64, 890 P.2d at 301 (quoting Barker, 407 U.S.
at 532 (footnote omitted)).  In this case the first interest is
not implicated because Sueyasu was released on bail four days
after she was arrested.  As to the second, Sueyasu does not argue
that she was anxious or concerned about the time it was taking
for her case to be tried; even if she had, "a mere assertion that
one had been upset or concerned about a pending criminal prosecu-
tion is not sufficient to establish prejudicial anxiety[.]"  Id.
(cleaned up) (quoting State v. Ferraro, 8 Haw. App. 284, 300, 800
P.2d 623, 632 (1990)).  Finally, Sueyasu's opening brief concedes
that "no actual prejudice was shown," but argues — without citing
authority — that "prejudice could be presumed[.]"  "The precise
length of the delay that will be considered 'presumptively
prejudicial' depends upon the facts of each case."  Lau, 78
Hawai'i at 62, 890 P.2d at 299.  Sueyasu does not direct us to
any facts that would support a de novo finding of presumptive
prejudice.  We hold that Sueyasu failed to establish prejudice.

Sueyasu argues that "the [circuit c]ourt did not
conduct a balancing of the four [Barker] factors."  The order
denying Sueyasu's motion to dismiss in fact stated that the
Barker factors "weigh in favor of the State's position that
Defendant Sueyasu's speedy trial rights were not violated."
Because our review is de novo, we must independently weigh the
Barker factors based on the evidence in the record.  The reason
for delay and assertion of right to speedy trial factors weigh
slightly in favor of Sueyasu.  But Sueyasu has not established
actual prejudice, or facts that would support a de novo finding
of presumptive prejudice.  We hold that Sueyasu failed to

establish a violation of her constitutional right to a speedy trial.

**B.    The record does not enable us to determine whether the circuit court abused its discretion by dismissing the case without prejudice.**

The State conceded an HPRR Rule 48 violation; the issue on appeal is whether the dismissal should have been with or without prejudice.  When a trial court dismisses a criminal case for violation of HRPP Rule 48, its decision to dismiss with or without prejudice is reviewed for abuse of discretion.  Fukuoka, 141 Hawai'i at 55, 404 P.3d at 321.

> In determining whether to dismiss the case with or without prejudice, "the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and the circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice."

Id. at 55-56, 404 P.3d at 321-22 (quoting State v. Estencion, 63 Haw. 264, 269, 625 P.2d 1040, 1044 (1981)).  "Although not set forth as one of the three enumerated factors, prejudice to the defendant may be a relevant consideration in the trial court's decision to dismiss with or without prejudice under HRPP Rule 48."  Id. at 56, 404 P.3d at 322 (cleaned up) (quoting State v. Coyaso, 73 Haw. 352, 357, 833 P.2d 66, 69 (1992)).  "[T]he trial court may consider other factors it finds to be relevant to the case before it[.]"  Id. (quoting Coyaso, 73 Haw. at 357, 833 P.2d at 69).

> In analyzing whether to dismiss a case with or without prejudice under HRPP Rule 48 and Estencion, the trial court must clearly articulate the effect of the Estencion factors and any other factor it considered in rendering its decision.  Accordingly, the court must explain the effect of the Estencion factors on its reasoning to dismiss a charge with or without prejudice.  Id.  The court is not required, however, to make a determination as to whether each individual factor weighs in favor of dismissal with or without prejudice.
>
> The trial court must therefore provide an explanation of its consideration of the Estencion factors, and any other factors it considered, and the basis for its decision.

Fukuoka, 141 Hawai'i at 56, 404 P.3d at 322 (cleaned up).

1.     <u>Seriousness of the offense</u>.

The Hawaiʻi Supreme Court has held that "considering the seriousness of an offense does not mean that a court simply determines whether the offense is serious or not serious.  Courts are reluctant to identify any crime as 'non-serious.'"  <u>Fukuoka</u>, 141 Hawaiʻi at 57, 404 P.3d at 323 (citations omitted).  The supreme court identified the following factors to be considered in evaluating seriousness:

> [O]ffenses vary in seriousness, and whether an offense is more or less serious will depend on the particular charges in a given case.
>
> Determining the relative seriousness of an offense is consistent with the wording of the factor itself, which requires that the court consider the serious<u>ness</u> of the offense rather than whether an offense is serious or non-serious.  Analyzing the relative seriousness of the offense rather than making a categorical determination of "serious" or "non-serious" also facilitates a more nuanced balancing of the three <u>Estencion</u> factors.
>
> Thus, although every crime may be considered "serious" in a general sense, the trial court in considering the first <u>Estencion</u> factor should determine the relative seriousness of the particular offense at issue, i.e., whether the offense is more serious or less serious for purposes of dismissal under HRPP Rule 48 and not whether an offense is "serious" or "non-serious."
>
> . . . [R]ather than deem certain classes of offenses to be categorically serious or nonserious, the trial court should consider whether the individual offenses charged are more serious or less serious by looking to a variety of factors relating to the individual offense.  The trial court may consider, for example, the possible penalties for the offense charged.  Consideration of an offense's possible penalty may include a review of both the possible term of imprisonment and other penalties that may be implicated following a finding of guilt.
>
> Significantly, a trial court considering whether an offense is more or less serious for purposes of HRPP Rule 48 may also look to the nature of the offense charged.
>
> In evaluating seriousness, a trial court may also consider the combination of charges and the relation among multiple charges.
>
> Additionally, although the trial court may consider the nature of the offense charged, the inquiry into seriousness generally centers on the charge, rather than on the underlying facts of the particular case.  Focusing on the charge rather than on the underlying facts is appropriate because, by the very nature of the HRPP Rule 48 violation, it is likely that evidence has yet to be proffered and analyzed for admissibility under the Hawaii Rules of Evidence and the state and federal constitutions; as a result, such evidence may not have been tested for reliability or accuracy.

>    Permitting the State and the defendant to present
> evidence on the underlying facts of the case, and requiring
> the court to determine whether these facts weigh in favor of
> dismissal with or without prejudice, would also
> unnecessarily complicate and lengthen proceedings that are
> intended to relieve congestion in the trial court and to
> advance the efficiency of the criminal justice process.
> However, when the charge itself includes information
> pertinent to the seriousness inquiry, such information may
> be relied upon by the trial court.

Id. at 57-58, 404 P.3d at 323-24 (citations, quotation marks, and
footnote omitted).

In this case, the circuit court concluded:

> Defendant Sueyasu was charged with three felonies and three
> violations (Promoting a Dangerous Drug in the Third Degree
> and Unlawful Use of Drug Paraphernalia) thereby making the
> charges serious offenses (factor one).

No other findings of fact were made and the circuit court did not
otherwise make a determination of the "relative seriousness" of
the offenses charged.  See Fukuoka, 141 Hawai'i at 60 n. 14, 404
P.3d at 326, n. 14 ("Such a determination would assist the trial
court in determining whether the balance of the factors weighs in
favor of allowing or precluding reprosecution . . . and the
appellate court in its review of that determination.")

2.    Facts and circumstances which led to dismissal.

"In evaluating the facts and circumstances of the case,
the court should focus on the culpability of the conduct that led
to the delay."  Fukuoka, 141 Hawai'i at 60, 404 P.3d at 326
(citation and quotation marks omitted).  Relevant considerations
within this factor may include whether the delay was caused by
the State's neglect or deliberate misconduct, or by the
defendant's conduct, or by the court itself.  Id.

In this case, the circuit court concluded:

> The reason for the delay was not a deliberate attempt to
> delay trial in order to hamper a defense (factor two).

No other findings of fact were made and the circuit court did not
determine whether any portion of the delay was attributable to
the defendant or to the court itself.  See id. 141 Hawai'i at 62,
404 P.3d at 328 (noting that "the court, the prosecution, and the

defendant have a responsibility to facilitate timely resolution of proceedings . . . and moving the case forward.") (footnote omitted).

> 3. Impact of reprosecution on the administration of HRPP Rule 48 and on the administration of justice.

The Hawai'i Supreme Court has instructed:

> HRPP Rule 48 operates to ensure an accused a speedy trial and to further policy considerations to relieve congestion in the trial court, to promptly process all cases reaching the courts, and to advance the efficiency of the criminal justice process. One way in which these goals are achieved is through the threat of sanctions for violation of HRPP Rule 48. The rule's sanction of a dismissal with prejudice creates an incentive for courts to design and implement efficient and fair procedures to decrease the potential for delay and for prosecutors to design screening procedures to ensure that as much as possible those cases that may be disposed of by means other than trial are removed from the criminal justice system as quickly as possible.
>
> . . . Courts have noted that the government can always argue that reprosecution furthers the public's interest in bringing defendants to trial. On the other hand, the administration of justice is also furthered by the timely and efficient adjudication of criminal cases.
>
> These diverse and often competing interests in furthering the administration of HRPP Rule 48 and in serving the administration of justice are inherent in every case. There are, however, circumstances that are unique to each case that are relevant to these interests and that a court may consider in analyzing the third Estencion factor. For example, the court may consider whether the State or the court's conduct in the case reflect[s] a pattern of lack of diligence, thereby suggesting that dismissal with prejudice is necessary to vindicate the purposes of HRPP Rule 48 and justice generally.
>
> Prejudice to the defendant may also be considered[.]

Fukuoka, 141 Hawai'i at 62-63, 404 P.3d at 328-29 (cleaned up).

In this case, the circuit court concluded:

> Reprosecution would further the administration of justice, as the State did not purposefully delay trial for an unfair advantage (factor three).

No other findings of fact were made.

The record in this case does not enable us to determine whether the circuit court abused its discretion by dismissing the case without prejudice. We vacate the portion of the circuit court's September 18, 2018 order dismissing this case without

prejudice, and remand for the circuit court to enter findings of fact and conclusions of law as directed by Fukuoka.

### C. The circuit court did not err in denying the motion to suppress.

We review a ruling on a motion to suppress evidence de novo to determine whether the ruling was "right" or "wrong." State v. Weldon, 144 Hawai'i 522, 530, 445 P.3d 103, 111 (2019).

Sueyasu contends that Officer Broad did not have probable cause to stop the Honda she was driving, so that all evidence obtained as a result of the stop should be suppressed. Officer Broad stopped the Honda for violation of the basic speed rule, HRS § 291C-101 (2007). The statute provides, in relevant part:

> No person shall drive a vehicle at a speed greater than is reasonable and prudent and having regard to the actual and potential hazards and conditions then existing. Consistent with the foregoing, every person shall drive at a safe and appropriate speed when . . . approaching and going around a curve, . . . when traveling upon any narrow or winding roadway, and when special hazards exist with respect to pedestrians or other traffic, or by reason of weather or highway conditions.

Sueyasu contends that "there was no evidence presented whatsoever that there were any actual or potential hazards or conditions existing at the time that made the speed at which Ms. Sueyasu was operating the vehicle not reasonable and prudent."

Officer Broad was the only witness to testify during the hearing on Sueyasu's motion to suppress. He testified that he was on patrol near Kōloa when he saw a Honda enter Maluhia Road from the bypass road and head north. It was about 10:38 p.m. "When it pulled out from the bypass on to Maluhia, it was traveling at an -- it was traveling fast." The Honda was tailgating another car through the S-turns on Maluhia Road. After coming out of the S-turns, the Honda overtook the other car "at a high rate of speed." There were no street lights in the area. The roadway was narrow, without a shoulder. Officer Broad activated his lights and siren and pursued the Honda. The circuit court's finding that "Officer Broad accelerated to over 50 miles per hour to catch up to [the Honda] and maintained that

12

speed while behind" the Honda is supported by substantial evidence and is not clearly erroneous.[7]  Officer Broad's testimony established that he had probable cause to stop Sueyasu's vehicle for violation of the basic speed rule.  The circuit court did not err in denying Sueyasu's motion to suppress.

### III. <u>Conclusion</u>

For the foregoing reasons, we affirm the August 28, 2017 order denying Sueyasu's motion to suppress evidence.  We affirm the portion of the September 18, 2018 order denying Sueyasu's motion to dismiss based upon alleged violation of her constitutional right to speedy trial.  We vacate the portion of the September 18, 2018 order granting Sueyasu's motion to dismiss based on violation of HRPP Rule 48, and remand for the circuit court to enter findings of fact and conclusions of law to support its decision to dismiss without prejudice.

DATED:  Honolulu, Hawai'i, April 3, 2020.

On the briefs:

Justin F. Kollar,
Tracy Murakami,
for Plaintiff-Appellee.

Lisa R. Arin,
for Defendant-Appellant.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Alexa D.M. Fujise
Associate Judge

/s/ Keith K. Hiraoka
Associate Judge

---

[7]  Sueyasu argues that the State did not establish what the speed limit was for Maluhia Road, or that the speedometer on Officer Broad's police vehicle was accurately calibrated.  However, Sueyasu was not charged with exceeding the speed limit; Officer Broad's testimony about vehicle speeds tends to support the circuit court's conclusion that Officer Broad "had a reasonable suspicion to warrant to [sic] the warrantless traffic stop for the offense of Basic Speed Rule" — that is, "driv[ing] a vehicle at a speed greater than is reasonable and prudent and having regard to the actual and potential hazards and conditions then existing."  HRS § 291C-101.